UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| VICTOR TELLIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHAWNA SIPES, )<br>Defendant. ) | 4:12-cv-00007-SEB-WGH |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 11], filed on February 9, 2012, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On January 13, 2012, Plaintiff, Victor Tellis, filed suit against Defendant, Shawna Sipes, seeking compensatory damages for injuries sustained in a motor vehicle accident and his related workers' compensation claim. Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, as the amount in controversy is allegedly less than the dollar amount specified by 28 U.S.C. § 1332. For the reasons detailed below, we GRANT Defendant's motion WITHOUT PREJUDICE.

**<u>Factual Background</u>**

Mr. Tellis is a resident and domiciliary of Kentucky. Compl. ¶ 1. At all times relevant to this lawsuit, he was employed as a bus driver for the Transit Authority of River City (TARC), the public transportation system that serves the greater Louisville,

Kentucky area as well as Clark and Floyd Counties in southern Indiana. Def.'s Br. Ex. A-2 at 1 (settlement brochure created by Mr. Tellis's counsel and submitted to Ms. Sipes's insurer, hereafter "Settlement Brochure"). Ms. Sipes is a resident and domiciliary of Indiana and is insured by State Farm Insurance Companies ("State Farm"). Compl. ¶ 2. On April 30, 2010, both parties were operating motor vehicles in Indiana, traveling southbound on Interstate 65; Mr. Tellis was driving a TARC bus in the scope of his employment, and Ms. Sipes was driving her sport utility vehicle behind the bus. *Id.* ¶ 4; Settlement Brochure at 1. The parties were approaching the bridge connecting Jeffersonville, Indiana to Louisville, Kentucky when Ms. Sipes's vehicle struck the rear of the TARC bus. According to Mr. Tellis, as a result of the accident he suffered damages in the form of bodily injuries, pain and suffering, and medical expenses. Compl. ¶¶ 4-5.

    Slightly more than a month after the accident, on June 4, 2010, Mr. Tellis visited Dr. Harold Byers, Jr., a chiropractic physician, for treatment. At this appointment, Mr. Tellis complained of pain, stiffness, and spasms in his neck, mid-back, and right shoulder, as well as mild to moderate chest pain. Settlement Brochure at 2. Dr. Byers examined Mr. Tellis, who was diagnosed with several injuries, all of which were attributable to the April 2010 motor vehicle accident: strain/sprain injury to the cervical spine, strain/sprain injury to the thoracic spine, strain/sprain to the right shoulder, and chest pain. *Id.* Following the initial consultation, Dr. Byers supervised Mr. Tellis's "active treatment" plan, which consisted of at least ten applications of the following chiropractic modalities:

adjustment therapy, electric muscle stimulation, infrared light therapy, massage therapy, and active exercises. *Id.* at 3; Def.'s Br. Ex. A-3 at 1 (alluding to "chiropractic treatment rendered beyond the initial 10 chiropractic treatments"). Dr. Byers oversaw such chiropractic care until Mr. Tellis's "re-examination" on August 27, 2010, when, based on Mr. Tellis's self-reported "minimal to mild" symptoms, he asserted that Mr. Tellis had reached maximum medical improvement and advised him to return on an "as needed" basis. *Id.*

During his therapy with Dr. Byers, Mr. Tellis's workers' compensation carrier requested that he consult a physician at Occupational Physician Services of Louisville ("OPS") for an examination. Settlement Brochure at 3. The OPS physician evaluated Mr. Tellis on August 18, 2010 and noted that his neck, back, and shoulder areas were tender to palpation. X-ray images of his cervical spine, although negative for fracture, revealed disc space narrowing between three sets of vertebrae, "with mild anterior spurring." *Id.* Mr. Tellis was diagnosed with cervical strain; afterward, he received a prescription for Ibuprofen and returned to work without restrictions. *Id.* At his September 2, 2010 examination with OPS, Mr. Tellis reported full range of motion in his cervical spine and shoulders, no neck pain, and no paresthesia. September 2, 2010 marked his last OPS visit, as he was released from all future treatment on that day. *Id.* at 4.

As of November 2010, when Mr. Tellis submitted the Settlement Brochure to Ms.

Sipes's insurance carrier,[1] he had incurred a total of $9,986.99 in medical bills. Settlement Brochure at 4. He has also alleged in his complaint that "his power to . . . earn income [has] been permanently impaired" and that he expects to incur medical expenses in the future. Compl. ¶ 5. Further, as of February 21, 2011, Mr. Tellis was aware that Broadspire, a third-party administrator, had completed a utilization review of his medical expenses and recommended that "chiropractic treatment from 6/4/2010 through 6/23/2010 be approved as reasonable."[2] Def.'s Br. Ex. A-3 at 1. Broadspire's notice of denial stated, in pertinent part, that Mr. Tellis "certainly [did] not require any further chiropractic treatment for [the collision-related] injury." *Id.*

## Legal Analysis

### I. Standard of Review

Ms. Sipes has filed her Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This rule requires dismissal of a lawsuit if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In this procedural context, the court generally accepts all well-pleaded allegations from the complaint as true and draws all reasonable inferences in the plaintiff's favor. *See Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). However, a court ruling on a motion to dismiss under Rule 12(b)(1) also "may properly look beyond the jurisdictional allegations of the complaint

---

[1] Mr. Tellis has made no claims for medical bills that postdate November 2010. *See* Pl.'s Resp. at 2.

[2] This recommendation necessarily implies that Broadspire did not find Mr. Tellis's treatments between June 23, 2010 and August 27, 2010 reasonably useful to his recovery.

and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).  Because "[j]urisdiction is the 'power to declare law,'"a district court may not proceed in its absence.  *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (citing *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only over matters authorized by the Constitution and by federal statute.  *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009).  Consequently, federal courts must scrupulously police the boundaries of their own jurisdiction.  Even where there is no objection by a party to challenge jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

A party asserting federal jurisdiction under 28 U.S.C. § 1332 must establish both diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  When challenged, the party seeking federal jurisdiction must prove these statutory requirements by a preponderance of the evidence.  *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).  Proving the necessary "amount in controversy" requires a good faith showing that supports the party's "estimate of its exposure or potential maximum loss."  *Hart v. ConAgra Foods, Inc.*, No. 1:07-cv-0395-JDT-WTL, 2007 WL 2286131, at *1 (S.D. Ind. Aug. 7, 2007).  The proponent's "goal is to determine

the cost or value of complying with [his] demands, from either party's perspective." *Id.* (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006)).

## II. Discussion

Ms. Sipes has asked the Court to dismiss Mr. Tellis's complaint for failure to establish a proper basis for subject matter jurisdiction.  Bearing in mind the residency of the parties and the fact that neither party has contested diversity of citizenship, our sole jurisdictional concern is whether Mr. Tellis's factual allegations support a finding that the amount in controversy meets the threshold set forth in 28 U.S.C. § 1332.  "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006).   This definition requires the Court to examine damages claimed by Mr. Tellis as of January 13, 2012.  As of this date, he cites the following as damages resulting from the automobile collision: (1) medical bills, all of which predate November 10, 2010, in the aggregate amount of nearly $10,000, and (2) a workers' compensation subrogation lien.  He further argues that his complaint, which alludes briefly to the remedies of future medical expenses and lost wages, "claims damages sufficient to invoke jurisdiction." Pl.'s Resp. at 2.  Similarly, his complaint's prayer for relief includes "[j]udgment for Plaintiff against the Defendant in an[] amount sufficient to invoke this Court's jurisdiction."  Compl. at 2.

As a preliminary matter, we address a motion raised as part of Mr. Tellis's response brief, to wit: his motion to strike certain evidentiary material appended to Defendant's Motion to Dismiss.  In this motion, Mr. Tellis asks the Court to strike from

the record evidence of State Farm's November 2010 offer of settlement and his subsequent counterdemand for $20,744.65. Pl.'s Resp. at 5-6; *see* Def.'s Br. Ex. A ¶¶ 8-9, 11, 17 (affidavit of State Farm claims representative); Def.'s Br. Ex. A-4 (letter from Mr. Tellis's counsel to State Farm claims department). Mr. Tellis contends that Ms. Sipes's submission "flagrantly violate[s]" Rule 408 of the Federal Rules of Evidence, which provides, in relevant part, that evidence of "conduct or . . . statement[s] made during compromise negotiations about [a] claim" is inadmissible "either to prove or disprove the validity or amount of a disputed claim."[3] Fed. R. Evid. 408(a)(2). Ms. Sipes rejoins that this rule has "no bearing on the proposed use of a settlement document" because she seeks to use the settlement demand for the limited purpose of defeating the "amount in controversy" requirement. Def.'s Reply at 3. We remind Mr. Tellis that Rule 408(b) permits courts to admit evidence of settlement discussions for other purposes and conclude that these materials may be considered in ruling on a motion to dismiss under Rule 12(b)(1).

District courts are not always obliged to rely solely on the original complaint to test the sufficiency of the alleged amount in controversy. *Jadair, Inc. v. Walt Keeler Co.*, 679 F.2d 131, 132 (7th Cir. 1982). Rather, the court's analysis depends on whether the party contesting jurisdiction has presented her argument as a facial or factual challenge. In facial challenges, which were raised in *Lujan v. Defenders of Wildlife*, 504 U.S. 555

---

[3] We note for Mr. Tellis's benefit that his reference to Rule 408 does not accurately track the language of the actual rule, but appears to be culled from the rule's Notes of Decision.

(1992), and *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490 (7th Cir. 2005), "the allegations in the plaintiffs' complaints, even if true, [are] purportedly insufficient to establish injury-in-fact." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). The district court does not look beyond the allegations contained in the complaint when ruling on a facial challenge. *Id.* at 444. Conversely, a factual challenge lies where "the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Ms. Sipes has raised such a factual challenge here, claiming that external facts call this court's jurisdiction into question. Consequently, we apply the well-established precept of law that "when considering a motion that launches a factual attack against jurisdiction, 'the district court may properly look beyond the jurisdictional allegations of the complaint and view *whatever evidence* has been submitted on the issue'" to resolve the jurisdictional dispute. *Apex Digital, Inc.*, 572 F.3d at 444 (quoting *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (emphasis added)).

Although Rule 408 plainly prohibits admitting evidence of settlement offers to prove liability, it grants significant latitude in situations where the amount in controversy is unclear. Indeed, as the Seventh Circuit has observed, "[w]hen the complaint includes a number, it controls . . . . When the complaint omits a number, however, the claim must be evaluated in some other way." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). *Rising-Moore* is particularly instructive in this lawsuit for two reasons.

First, like Mr. Tellis's complaint, the *Rising-Moore* complaint contained no dollar amount in its *ad damnum* clause. *Id.* at 815. Second, as in the instant matter, one of the parties in *Rising-Moore* asserted that an offer to settle for less than $75,000 should be given significant weight in resolving the factual jurisdictional dispute. *Id.* at 816. The court did factor evidence of settlement negotiations into its analysis; thus, regardless of *Rising-Moore*'s outcome, this case bolsters our decision to consider the submitted settlement negotiations. *See id.* at 816 (determining that "the willingness to accept $60,000 [in a settlement] supports a conclusion that the 'controversy' exceeds $75,000"). More recently, in *Carroll v. Stryker Corp.*, 658 F.3d 675 (7th Cir. 2011), the Seventh Circuit confirmed the holding in *Rising-Moore* as follows: "Even though settlement offers are inadmissible to prove liability . . ., they are admissible to show that the amount in controversy for jurisdictional purposes has been met." *Id.* at 682 n.2 (citing *Rising-Moore*, 435 F.3d at 816). Based on this clear Seventh Circuit precedent and the apparent agreement among other courts, we shall consider evidence of Mr. Tellis's settlement colloquy in ruling on Defendant's Motion to Dismiss. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (consulting plaintiff's settlement offer in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (noting that while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson*

9

*v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper."). We therefore DENY Mr. Tellis's Motion to Strike.

Even if we were to rule otherwise on the motion to strike the evidence of Mr. Tellis's settlement discussions, we would remain unable to retain jurisdiction over this action. A lawsuit may be dismissed pursuant to Rule 12(b)(1) if "it is *legally certain* that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *LM Ins. Corp. v. Spaulding Enters.*, 533 F.3d 542, 547 (7th Cir. 2008); *Sadowski*, 441 F.3d at 543 (emphasis added). The Seventh Circuit has acknowledged that the legal certainty test "sets the bar high for excluding federal subject matter jurisdiction," but not "if jurisdiction never existed in the first place." *See Carroll*, 658 F.3d at 681. Accordingly, we remind Mr. Tellis once again that it is necessary to plead facts demonstrating his ability to exceed, not merely achieve, the statutory amount in controversy.[4] *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 n.1 (7th Cir. 1996). Mr. Tellis's ardent assertion that the "part of the [d]efendant's brief [related to the amount in controversy] is clearly without merit" is unwarranted, given the paucity of well-pleaded facts he offers in support of it.

---

[4] "This does not mean, however, that the plaintiff stands to or necessarily will recover more than $75,000 . . . only that more than $75,000 is 'in controversy' between the parties." *Engebretson v. Sun Life Assurance Co.*, No. 4:09-cv-26-SEB-WGH, 2009 WL 1748225, at *2 (S.D. Ind. June 17, 2009) (citing *Oshana*, 472 F.3d at 513).

To be sure, analyzing Mr. Tellis's claims for damages is a confusing and complicated endeavor. In tort cases for which a significant portion of a plaintiff's damages are speculative, the court relies on "competent proof" to support the plaintiff's allegations. *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). One of the leading treatises on federal civil procedure explicates the inherent difficulty of this analysis, as follows:

> The application of the legal certainty test to a tort claim lodged in a federal court on the basis of diversity of citizenship in which the plaintiff alleges a small amount of actual damages, such as medical expenses, and a large amount of unliquidated damages, usually involving pain and suffering and a loss of future earnings, presents particularly difficult measurement problems.

14AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3707 (4th ed.). We face this same dilemma here because Mr. Tellis has alleged a small amount of actual damages and a dubious amount of unliquidated damages. He has incurred approximately $10,000 in medical bills and seeks nearly $745 to satisfy a workers' compensation lien. Moreover, although he seeks lost wages and future medical expenses, he has mustered no damages documentation beyond what appears in the Settlement Brochure. Nor did the Settlement Brochure, the original complaint, or Mr. Tellis's response brief to this pending motion contain so much as a barebones estimate of these additional damages. The only evidence that might support his claim for unliquidated damages is the excerpt of his settlement negotiations with State Farm, which indicates his willingness to settle the entire lawsuit for $20,744.65 ($20,000 of unliquidated damages

plus the abovementioned actual damages). This amount is hardly sufficient to account for the remaining jurisdictional shortfall of nearly fifty thousand dollars.

We note specifically that courts within the Seventh Circuit have dismissed personal injury tort cases similar to Mr. Tellis's when plaintiffs cannot satisfy the "legal certainty" test. One such case, *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839 (7th Cir. 2009), involved three individuals who fell on a malfunctioning escalator and sustained various shoulder, leg, and knee injuries. The plaintiffs' medical expenses were $6,279.42, $9,798.08, and $9,400.36, respectively. In dismissing the lawsuit, the court observed that "none of the plaintiffs point[ed] to any 'competent proof' that he or she could prove damages from . . . [future medical expenses and pain and suffering] to recover a total amount of damages that would reach the jurisdictional threshold." *Id.* at 845. The plaintiffs had not submitted "documentary or testimonial evidence that would show the necessity for future medical treatment of their injuries"; neither had they asserted "factual examples of their post-accident experience." *Id.*; *cf. Linck v. Tayler*, No. 2:11-cv-245, 2012 WL 464367, at *4 (N.D. Ind. Feb. 10, 2012) (finding jurisdiction when, although damages requested were less than $75,000, the plaintiff had stated a plausible claim for expenses necessary to treat post-traumatic stress disorder). Similarly, in *Davis v. Servisair*, No. 09-c-2261, 2009 WL 3414250 (N.D. Ill. Oct. 20, 2009), the court deemed removal to federal court improper because, with medical expenses totaling less than $13,000, no reasonable jury could conclude that pain and suffering costs would adequately comprise the jurisdictional shortfall. *Id.* at *3.

Like the parties in *McMillian* and *Davis*, Mr. Tellis's alleged incurred expenses—that is, his past medical bills and his workers' compensation lien—are found lacking with respect to the requirements of the diversity statute. More importantly, Mr. Tellis has not provided any "competent proof" that his future medical expenses, potential impairment of future earnings, or other damages will make up for this deficiency; he merely contends that "[a] plaintiff's allegations in the complaint alone can be sufficient to make this showing." Pl.'s Resp. at 2. We agree, of course, that plaintiffs generally "receive the benefit of all doubt" at the complaint stage with respect to amount in controversy. *Schlessinger v. Salimes*, 100 F.3d 519, 521 (7th Cir. 1996) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Even so, once the defendant has challenged the plaintiff's good faith estimate of damages, the plaintiff "cannot just appeal to the judge's druthers; he must show how the rules of law, applied to the facts of his case, could produce such an award." *Id.* (citing *Wellness Cmty. [registered]-Nat'l v. Wellness House*, 70 F.3d 46, 49-50 (7th Cir. 1995)).

Mr. Tellis has attempted to salvage his federal claim by alleging permanent impairment of two of his cervical vertebrae (between four and six percent) and an impairment of his thoracic spine (up to three percent). Pl.'s Resp. at 5. However, without some corroboration (*i.e.*, documentary or testimonial opinions) as to what type of treatment he can expect for pain and suffering, and given his chiropractor's positive assessment of his treatment progress in August 2010 (failing to recommend surgery and instructing him to return only "as needed"), we do not find his evidentiary assertions

13

determinative. His case differs significantly from that of the *Rising-Moore* plaintiff, who only needed another $30,000 to achieve the minimum amount in controversy. Regrettably, Mr. Tellis has only managed to establish to a legal certainty that he has incurred a maximum of $10,744.65 in damages stemming from the automobile accident, an amount which is not even fifteen percent of the jurisdictional minimum. Accepting his counterdemand as the amount of damages would still place his claim at approximately twenty-seven percent of the required $75,000. If Mr. Tellis at one point was willing to settle his case for this amount, it is not reasonable to conclude that he assesses the value of the lawsuit at a minimum of $75,000. Moreover, Mr. Tellis's rhetorical attempt to deflect this issue by asserting dubious motives of insurance adjusters misses the point that it was *he* who created the Settlement Brochure, one of the only documents providing numerical evidence of his damages, as well as the medical facts supporting his claims for future expenses. His failure to marshal competent proof regarding damages leaves us no choice but to conclude that it is legally certain that recovery—or, alternatively, cost of complying with any future judgment—will not reach the jurisdictional floor. As a result, this court lacks subject matter jurisdiction over Mr. Tellis's case and must dismiss it in accordance with Rule 12(b)(1).

## Conclusion

For all of the foregoing reasons, Defendant's Motion to Dismiss is GRANTED WITHOUT PREJUDICE. We afford Plaintiff 45 days within which to seek leave to further amend his complaint to conform to this ruling, if additional evidence arises and

becomes available to him to support such a refiling. Failure to do so within the allotted time shall result in the entry of final judgment with prejudice.

  IT IS SO ORDERED.

Date:  05/31/2012_____

               *\[signature\]*
               SARAH EVANS BARKER, JUDGE
               United States District Court
               Southern District of Indiana

Copies to:

Tricia Kirkby Hofmann
WATERS TYLER HOFMANN & SCOTT LLC
thofmann@wthslaw.com

John Andrew White
johnandrewwhite_ecf@hotmail.com